UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN A. ELLIOT,

             **Appellant,**

v.                      16-CV-0870 (BKS)

**PHH MORTGAGE CORPORATION as servicer for
Keybank National Association,**

             **Appellee.**
_____

**APPEARANCES:**

For Appellant:
**James F. Selbach, Esq.**
Selbach Law Offices, P.C.
2700 Bellevue Avenue
Syracuse, NY 13219

For Appellee:
**Nicole DiStasio, Esq.**
**Thomas Szaniawski, Esq.**
Shapiro, Dicaro & Barak, LLC
175 Mile Cross Boulevard
Rochester, NY 14624

**Hon. Brenda K. Sannes, United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.	INTRODUCTION**

Appellant John A. Elliott appeals from a June 30, 2016 Order of United States Bankruptcy Judge Diane Davis denying his motion for sanctions under Fed. R. Bankr. P. 9011. For the reasons set forth below, that Order is affirmed.

The history of this dispute dates back to a motion filed by the Appellant and Renee L. Elliott (Debtors) in the underlying bankruptcy action under 11 U.S.C. §§ 105(a) and 524 seeking sanctions against Appellee for alleged violations of a discharge injunction. (Dkt. No. 4-8). Appellee responded and cross-moved for sanctions against Appellants' attorney, James Selbach, alleging that his motion itself violated Fed. R. Bankr. P. 9011(b). On February 9, 2016, the bankruptcy court held a hearing on the motions and denied the relief requested by both sides. (Dkt. No. 4-24). At that hearing, the bankruptcy court found that Appellee's motion was procedurally deficient because a request for relief under Rule 9011 must be brought by a separate motion. (Dkt. No. 10, p. 10). However, the bankruptcy court also found that notwithstanding Appellee's procedural error, it had satisfied the safe-harbor requirement in Fed. R. Bankr. P. 9011(c)(1)(A). (*Id.*). That rule provides in part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). . . . The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

Fed. R. Bankr. P. 9011(c)(1)(A). The bankruptcy court noted that Appellee's attorneys had emailed Appellants giving Selbach the chance to withdraw the motion. (Dkt. No. 10, p. 10). As

a result of that email, the bankruptcy court determined that Selbach was on notice and had been afforded the requisite safe harbor pursuant to Rule 9011(c). (*Id.*). Thus, the bankruptcy court found that the rule was satisfied and directed Appellee's attorney to refile its application for Rule 9011 relief in a new, separate motion "and have it returnable at the March 8 hearing." (*Id.*).[1]

Appellee re-filed the motion on March 15, 2016. (Dkt. No. 4-17). Thereafter, Appellant filed opposition papers, in which he repeatedly argued that the safe-harbor provision had not been satisfied. (Dkt. Nos. 4-23; 4-31). At an April 5, 2016 hearing, the bankruptcy court ruled that the safe-harbor provision had not been satisfied because PHH did not serve Selbach with the motion for sanctions 21 days prior to filing it with the Court. (Dkt. No. 4-32, p. 2). The Court denied Appellee's Rule 9011 motion based on Appellee's "failure to strictly adhere to the procedural requirements of Rule 9011(c)(1)(A)." (Dkt. No. 4-32).

On April 26, 2016, Appellants filed a Rule 9011 motion for sanctions against Appellee, claiming, *inter alia*, that Appellee's prior contention that the safe-harbor had been satisfied was frivolous. (Dkt. No. 4-33). Appellee responded that it had relied on the bankruptcy court's decision that the safe-harbor had been satisfied and that it had followed the instruction to re-file its Rule 9011 motion. (Dkt. No. 4-37). At the hearing on June 1, 2016, the Bankruptcy Court denied Appellant's motion noting that Appellee "had substantive basis to bring the motion." (Dkt. No. 8-1, p. 11; *see* Dkt. No. 4-38) Thereafter, Appellant filed the pending appeal.

## II. STANDARD OF REVIEW

Orders issued by a bankruptcy court are subject to appellate review by federal district courts. Fed. R. Bankr. P. 8013. The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002)

---

[1] Appellee's motion for sanctions also contained a challenge to Attorney Selbach's discovery demands. (Dkt. No. 4-25, pp. 4–5).

(citing *McCord v. Agard*, 252 F.3d 113, 116 (2d Cir. 2001)). Mixed questions of law and fact are reviewed *de novo*. *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). "[A] district court 'may affirm [the bankruptcy court's decision] on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decision[] below.'" *Rozier v. Rescap Borrower Claims Trust*, No. 15 Civ. 3248 (KPF), 2016 WL 796860, at *7, 2016 U.S. Dist. LEXIS 21204, at *19 (S.D.N.Y. Feb. 22, 2016) (quoting *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010) (second and third alterations original in *Rozier*)).

### III. DISCUSSION

Appellant argues that the bankruptcy court erred by "failing to apply the test set forth by the Second Circuit in deciding motions filed under FRBP 9011." (Dkt. No. 8, p. 6). Under that rule, the bankruptcy court may, in its discretion, impose sanctions on a party who presents an argument or filing for an improper purpose, makes legal contentions that are not warranted by existing law, and makes contentions devoid of evidentiary support. *Desiderio v. Parikh*, No. 12-CV-2148 (JS), 2013 WL 1305499, at *4, 2013 U.S. Dist. LEXIS 44988, at *11 (E.D.N.Y. Mar. 28, 2013). In the Second Circuit, this standard generally parallels that used for sanctions under Fed. R. Civ. P. 11. *See In re Highgate Equities, Ltd.*, 279 F.3d 148, 151 (2d Cir. 2002). The Second Circuit "hold[s] the imposition of Rule 11 sanctions warranted where it is clear that under existing precedents there is no chance of success and no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *Securities Industry Ass'n v. Clarke*, 898 F.2d 318, 321 (2d Cir. 1990) (internal quotation and alteration marks omitted). "An order of the Bankruptcy Court granting or denying a motion for sanctions . . . is reviewed for abuse of discretion." *Desiderio*, 2013 WL 1305499, at *4, 2013 U.S. Dist. LEXIS 44988, at *10 (citing *Baker v. Latham Sparrowbush Assocs.*, 931 F.2d 222, 227 (2d Cir. 1991)).

3

As a preliminary matter, the Court notes that Appellant has wholly failed to address the bankruptcy court's ruling in denying the motion that Appellee "had substantive basis to bring the motion." (Dkt. No. 8-1, p. 11).

Appellants' arguments are without merit: there was no abuse of discretion. Appellants' first point is that Appellee made a frivolous argument that the safe harbor provision had been satisfied. This contention must fail because Appellee did not make this argument until *after* the bankruptcy court had already ruled that the provision was satisfied. Thus, Appellee's reliance on the bankruptcy court's prior decision in the same litigation was not frivolous. *See, e.g.*, *Securities Industry Ass'n*, 898 F.2d at 321–22 (finding that a party's position did not merit a Rule 11 sanction where it "crafted a reasonable position . . . in good faith reliance on the district court's original order").

Appellants' second point is that the bankruptcy court erred in declining to sanction Appellee under Fed. R. Bankr. P. 9011 for invoking Fed. R. Bankr. P. 7030(d)(3)(A) in response to discovery demands. Bankruptcy Rule 9011(d) provides, however, that "Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037." Thus, by its plain meaning, Rule 9011 sanctions are inapplicable to discovery objections under Rule 7030. *E.g.*, *In re Pham*, 536 B.R. 424, 432 (B.A.P. 9th Cir. 2015).

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that the appeal is **DENIED**.

**IT IS SO ORDERED.**

August 25, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

4