UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN A. ELLIOTT,

                      Appellant,                7:16-cv-00870 (BKS)

v.

PHH MORTGAGE CORPORATION, as servicer for
KeyBank National Association,

                      Appellee.
_____

**Appearances:**

*For Appellant:*
James F. Selbach
Selbach Law Offices, P.C.
2700 Bellevue Avenue
Syracuse, NY 13219

*For Appellee:*
Michael J. Chatwin
Nicole C. DiStasio
Thomas M. Szaniawski
Shapiro, DiCaro & Barak, LLC
175 Mile Crossing Boulevard
Rochester, NY 14624

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Presently before the Court is another motion for sanctions following a series of motions for sanctions in what has become an endless tit for tat that has consumed precious party and court resources. The latest round follows the Court's decision on August 25, 2017, affirming the June 30, 2016 order of United States Bankruptcy Judge Diane Davis denying a motion by Appellant John A. Elliott and Renee L. Elliott ("Debtors") for sanctions under Rule 9011 of the

Federal Rule of Bankruptcy Procedure ("FRBP"). (*See* Dkt. No. 12). Appellee PHH Mortgage Corporation ("PHH") now moves for an award of damages and costs for frivolous appeal under FRBP 8020 against Appellant's counsel, James F. Selbach. (Dkt. No. 14). For the reasons set forth below, the motion is denied.

## II. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case as described in the Court's August 25, 2017 decision. (*See* Dkt. No. 12, at 2–3).

### A. Initial Motions for Sanctions

In the bankruptcy proceedings below, Debtors initially filed a motion for sanctions against PHH on December 22, 2015, alleging that PHH had violated the bankruptcy court's discharge injunction. (*See* Dkt. No. 4-8). On February 2, 2016, PHH filed its response, which included a cross-motion for sanctions against Debtors' attorney Mr. Selbach. (*See* Dkt. No. 4-13). At a hearing held on February 9, 2016, the bankruptcy court denied Debtors' motion. (Dkt. No. 10, at 9). With regard to PHH's cross-motion, Bankruptcy Judge Davis noted that PHH counsel had emailed Mr. Selbach to give Debtors "an opportunity to withdraw" their motion; accordingly, she found that PHH satisfied the "safe harbor" provided under FRBP 9011(c).[1] (*Id.* at 6, 10). However, because PHH's cross-motion was not filed as a separate motion, as required by FRBP 9011(c), the judge denied PHH's cross-motion on this procedural ground and "direct[ed]" that PHH bring a separate motion. (*Id.*).

---

[1] Rule 9011 provides in relevant part that a "motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Bankr. P. 9011(c)(1)(A). "This 'safe harbor' requirement is designed to give the other party 'a reasonable opportunity to respond' and correct or withdraw the challenged filings." *Moxey v. Pryor*, No. 15-cv-4632, 2017 WL 1229735, at *4, 2017 U.S. Dist. LEXIS 50436, at *7 (E.D.N.Y. Mar. 31, 2017) (quoting Fed. R. Bankr. P. 9011(c)).

### B. PHH Sanction Motion

PHH filed a separate motion for sanctions against Mr. Selbach on March 15, 2016 (the "PHH Sanction Motion"). (*See* Dkt. No. 4-17). Mr. Selbach followed up with discovery requests to PHH counsel. (*See* Dkt. No. 4-29). On March 29, 2016, Mr. Selbach filed his opposition to the PHH Sanction Motion, arguing that the motion did not comply with FRBP 9011(c)'s safe harbor requirement because PHH's "warnings" that a motion for sanctions would be filed did not "constitute compliance with FRBP 9011(c)(1)(A)." (*See* Dkt. No. 4-23). On March 31, 2016, PHH submitted a filing that combined: (i) a "supplemental affirmation" in support of the PHH Sanction Motion; and (ii) a "motion to terminate" Debtors' discovery requests. (*See* Dkt. No. 4-25). Mr. Selbach opposed that combined filing a few days later. (*See* Dkt. No. 4-31). By order dated April 5, 2016, the bankruptcy court denied the PHH Sanction Motion for "PHH's failure to strictly adhere to the procedural requirements of Rule 9011(c)(1)(A)." (*See* Dkt. No. 4-32, at 2).

### C. Debtor Sanction Motion

On April 26, 2016, Debtors, through their attorney Mr. Selbach, filed a motion for sanctions against counsel for PHH (the "Debtor Sanction Motion"), (Dkt. No. 4-33), arguing that PHH counsel advanced "frivolous" arguments in their March 31, 2016 combined filing, (Dkt. No. 40-36, at 3). In particular, Debtors contended that Second Circuit precedent foreclosed PHH counsel's argument that "warning letters" satisfied the 21-day safe harbor requirement under FRBP 9011. (Dkt. No. 40-36, at 3–5). Further, Debtors asserted that PHH counsel's argument for striking the discovery requests under FRBP 7030(d)(3)(A) was "completely frivolous." (*Id.* at 5–6). The bankruptcy court denied the Debtor Sanction Motion on June 1, 2016, noting that "PHH had a substantive basis to bring the motion" and that the PHH Sanction Motion had been denied "solely for the failure to satisfy the safe harbor provision." (*See* Dkt. No. 8-1, at 11). A

corresponding order was entered on the bankruptcy docket on June 30, 2016 (the "Bankruptcy Order"). (*See* Dkt. No. 4-38).

D.     **Appeal of Order Denying Debtor Sanction Motion**

On July 13, 2016, Mr. Elliott, one of the two Debtors, appealed the Bankruptcy Order to this Court pursuant to 28 U.S.C. § 158(a).[2] (*See* Dkt. No. 4-39; Dkt. No. 1). On appeal, Mr. Elliott reiterated the arguments made before the bankruptcy court—first, that PHH counsel's "argument that a letter was sufficient to satisfy the safe harbor provisions was patently frivolous in the Second Circuit," and second, that PHH counsel's request to strike the discovery requests was similarly "patently frivolous." (Dkt. No. 8, at 7–8).

On August 25, 2017, this Court concluded that the bankruptcy judge had not abused her discretion in denying the Debtor Sanction Motion, and accordingly affirmed the Bankruptcy Order. (Dkt. No. 12, at 5). The Court noted that Mr. Elliott had "wholly failed to address the bankruptcy court's ruling . . . that [PHH] 'had substantive basis to bring the motion.'" (Dkt. No. 12, at 5). Further, PHH filed its new motion for sanctions after the bankruptcy court ruled that PHH had satisfied the safe harbor requirement; therefore, PHH's "reliance on the bankruptcy court's prior decision in the same litigation was not frivolous." (*Id.*). The Court also rejected Mr. Elliott's second argument, noting that FRBP 9011(d) "by its plain meaning" excludes sanctions for discovery disputes. (*Id.*).

PHH filed the present motion for award of damages and costs under FRBP 8020. (*See* Dkt. No. 14). PHH contends Mr. Selbach should be held personally liable for bringing a "frivolous" appeal. (*See* Dkt. No. 16).

---

[2] Although the appellant's brief was due on October 11, 2016, Mr. Elliott failed to comply with this deadline. On January 6, 2017, the Court issued a text order noting that Mr. Selbach had "failed to respond to an email from the Courtroom Deputy regarding the overdue brief" and directing that the appellant's brief be filed no later than January 27, 2017. (Dkt. No. 7). Mr. Elliott filed his brief on January 12, 2017. (*See* Dkt. No. 8).

4

## III. DISCUSSION

### A. FRBP 8020 Standard

FRBP 8020 permits a district court to "award just damages and single or double costs to the appellee" if the court "determines that an appeal is frivolous." Fed. R. Bankr. P. 8020(a). Whether to award damages and costs under FRBP 8020 is within the district court's discretion. *See id.* (providing that the court "may" award damages and costs if the appeal is frivolous). Given the parallels between FRBP 8020 and Rule 38 of the Federal Rule of Appellate Procedure, a court reviews a FRBP 8020 award request under the standard applicable to Rule 38. *See In re Davis*, No. 03-cv-7926, 2004 WL 1336233, *1, 2004 U.S. Dist. LEXIS 10837, at *1–2 (S.D.N.Y. June 15, 2004) (holding that FRBP 8020 adopts the standard of review employed by Rule 38 of the Federal Rules of Appellate Procedure).

Under that standard, "[f]rivolousness is determined . . . not in the abstract but in relation to the arguments actually made by the appellant." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993)). The arguments must be "groundless, without foundation, and without merit, even though appellant did not bring [the appeal] in bad faith." *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993)); *see also United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381–82 (2d Cir. 1982) (finding an appeal frivolous under Rule 38 because it was "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence"). But "a party's mere failure to prevail on appeal is insufficient to support sanctions under Rule 38." *Engineered Devices Corp. v. Carlton Concrete Constr.* (*In re Carlton Concrete Corp.*), No. 08-cv-242, 2008 WL 4443233, at *11 n.9, 2008 U.S. Dist. LEXIS 74430, at *35 n.9 (E.D.N.Y. Sept. 26, 2008) (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

5

### B. Application

According to PHH, Mr. Elliott's appeal was frivolous and Mr. Selbach should be held personally liable under FRBP 8020. (*See* Dkt. No. 16, at 11–15). First, PHH argues, the appeal was frivolous because this Court found Mr. Selbach's arguments to be "without merit" and noted that he "wholly failed to address the bankruptcy court's" ground for its decision below. (*Id.* at 11–12 (quoting Dkt. No. 12, at 5)). Second, PHH faults Mr. Selbach for "fail[ing] to allege any abuse of discretion" by the bankruptcy court. (*Id.*). Third, PHH asserts that the appeal "conveniently obfuscated" the fact that the bankruptcy court changed its ruling on PHH's satisfaction of the safe harbor requirement on April 5, 2016—*after* PHH filed the March 15, 2016 PHH Sanction Motion and its March 31, 2016 "supplemental affirmation"—and that PHH had relied on the bankruptcy court's earlier ruling in filing the PHH Sanction Motion. (*Id.* at 13). Lastly, PHH contends, the part of the appeal concerning the discovery dispute was groundless because it contradicted FRBP 9011(d) "on its face." (*Id.* at 14).

Assuredly, the circumstances surrounding the prosecution of this appeal, as well as the substantive arguments advanced by Mr. Elbach in his brief, cast doubt on Mr. Elbach's diligence and justification for his appeal. Mr. Selbach failed to file the appellant's brief in a timely manner, even after being reminded by court staff. Moreover, his brief, filed months after the initial deadline, focused on the wrong questions. Instead of attempting to make a showing that the bankruptcy court abused its discretion by denying the Debtor Sanction Motion, he aimed his attacks at the PHH Sanction Motion, which the bankruptcy court had denied in the Debtors' favor. His arguments regarding strict adherence to FRBP 9011's advance service requirement and the scope of FRBP 7030(d)(3)(A) may have been well taken in opposition to PHH's motions, but they did not elucidate the pertinent issue before the Court—whether the bankruptcy court abused its discretion in finding that PHH did not engage in sanctionable conduct.

The Court, however, is not persuaded that the appeal was frivolous within the meaning of FRBP 8020. Although Mr. Elliott did not prevail on his appeal and the Court deemed the arguments of his attorney, Mr. Selbach, to be "without merit," (Dkt. No. 12, at 5), an appeal that lacks merit is not necessarily frivolous. An "appeal, while not meritorious in and of itself, [might] not [be] so frivolous as to warrant sanctions." *Ransmeier v. Mariani*, 718 F.3d 64, 69 (2d Cir. 2013). Here, Mr. Selbach failed to appreciate that the particular chronology of the proceedings below—the bankruptcy court's initial ruling that PHH had satisfied FRBP 9011's safe harbor requirement, followed by PHH's filing of a separate motion for sanctions pursuant to that ruling, and then the bankruptcy's court reversal—would doom sanctions on the FRBP 9011 safe harbor issue. But his construction of FRBP 9011 ultimately prevailed. And although Mr. Selbach did not grasp that FRBP 9011(d) precluded sanctions for discovery-related matters, it may be the result of an oversight—the bankruptcy court did not expressly address that issue. Mr. Elliott's unsuccessful appeal, therefore, was without merit but not frivolous. Accordingly, the Court denies PHH's FRBP 8020 motion.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Appellee PHH's motion under FRBP 8020 (Dkt. No. 14) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 29, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge